**UNITED STATES of America,**

v.

**John Joseph LOMBARDOZZI, Camillo Charles Lombardozzi, George Lombardozzi, Daniel Marino and Michael Zampello, Defendants.**

**No. 63 CR 324.**

United States District Court
E. D. New York.

Dec. 10, 1964.

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, Raymond Bernhard Grunewald, Asst. U. S. Attorney, of counsel, for the United States.

Evseroff, Newman & Sonenshine, Brooklyn, N. Y., William Sonenshine, Brooklyn, N. Y., of counsel, for defendants.

BRUCHHAUSEN, District Judge.

The defendants move by order to show cause for an order granting a new trial upon the ground of newly discovered evidence, for the vacating and setting aside of the judgment of conviction herein, for a hearing upon the issues raised by this motion, and for the production of the medical records of Hector Mangual, during his service in the Marine Corps, from 1951 to 1955. Mangual was a Government witness in the trial of the defendants on an assault charge.

In November 1963, the defendants were tried on the said assault charge, Mangual was one of seven witnesses, produced by the Government at that trial. The record of that trial has been submitted on this motion. The jury re-

turned a verdict of guilty. The judgment of conviction was sustained by the Court of Appeals on August 4, 1964. Its opinion is reported in 2 Cir., 335 F.2d 414. A petition for certiorari was denied by the United States Supreme Court in November 1964.

In February 1964 the defendants moved for a new trial upon the ground that Mangual recanted his trial testimony. This Court ordered a hearing. At the hearing Frederick S. Abrams, the attorney for several of the defendants, produced a tape recording of Mangual's alleged recantation. It was played back in open court. In that recording, Mangual recanted his entire trial testimony at the assault trial. Immediately after it was played back Mangual testified that the only reason he made this alleged recantation was to ease the pressure and fear of the lives of his family and himself brought about by the defendants. The defense then moved for the withdrawal of the motion for a new trial.

Abrams and the defendants excepting George Lombardozzi, were indicted and charged with conspiracy to obstruct justice. They were acquitted. It was not until that trial, held in July 1964, that it became known that Mangual allegedly suffered from mental or emotional instability some nine years prior to his appearance at the said assault trial. This alleged mental or emotional instability of Mangual while serving in the Marine Corps during the period from 1951 to 1955 is the basis for the present motion for a new trial.

It should be noted that defense counsel, during the argument of this motion for a new trial, stated that the defendants do not claim actual suppression of evidence by the Government. They assert that the Government had constructive notice of Mangual's mental condition, while in the Marine Corps, because he had been in the service of a Government agency, the Marine Corps.

It is settled law that motions for new trials are not favored and should only be granted with great caution, that such motions are always addressed to the

discretion of the trial judge and that the burden of proof rests upon the defendants. See United States v. Costello, 2 Cir., 255 F.2d 876, certiorari denied, 357 U.S. 937, 78 S.Ct. 1385, 2 L.Ed.2d 1551; United States v. Fassoulis, 203 F. Supp. 114 and United States v. Soblen, 203 F.Supp. 542, 564.

In United States v. Costello, supra, the Court, 255 F.2d at page 879, stated:

"The federal courts in varying circumstances have used either of two recognized tests or standards to determine when new trials should be permitted. One of these tests was originally laid down in the case of Berry v. State, 10 Ga. 511, 527, where the court listed the following six requirements:

"1st. That the evidence has come to his knowledge since the trial.

"2nd. That it was not owing to the want of due diligence that it did not come sooner.

"3d. That it is so material that it would probably produce a different verdict, if the new trial were granted.

"4th. That it is not cumulative only—viz.: speaking to facts, in relation to which there was evidence on the trial.

"5th. That the affidavit of the witness himself should be produced, or its absence accounted for.

"And 6th, a new trial will not be granted, if the only object of the testimony is to impeach the character or credit of a witness.

"The other test was developed in the case of Larrison v. United States, 7 Cir., 24 F.2d 82, wherein the following three requirements were specified:

"'(a) The court is reasonably well satisfied that the testimony given by a material witness is false.

"'(b) That without it the jury might have reached a different conclusion.

"'(c) That the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial.' 24 F.2d at pages 87–88.

\*   \*   \*   \*   \*   \*

"It has been stated that the Larrison rule is limited to cases of 'recantation or where it has been proved that false testimony was given at the trial.' United States v. Hiss, D.C.S.D.N.Y., 107 F.Supp. 128, 136, affirmed 2 Cir., 201 F.2d 372, certiorari denied 345 U.S. 942, 73 S.Ct. 830, 97 L.Ed. 1368."

■ The defendants' motion must fail because it does not qualify under either test. Applying the Berry rule above alluded to, it is apparent that the defendants seek a hearing merely to impeach the credibility of the witness, Mangual. Secondly, the evidence produced by the Government at the assault trial so overwhelmingly supports the judgment of conviction that the lack of testimony of any of the prosecution's witnesses, and, as previously stated there were seven witnesses, would not probably produce a different verdict. Thirdly, Mangual's testimony was cumulative.

Under the Larrison test, the motion must likewise fail because (1) the court is not satisfied that the testimony of Mangual was false in its material aspects, and (2) the evidence adduced overwhelmingly established the defendants' guilt.

Furthermore, the alleged claim of mental or emotional instability of Mangual some nine or more years ago would be of no probative value as to his present condition. It is too remote. Such evidence, if admissible, would merely affect the weight of the evidence or the credibility of the witness.

The motion is in all respects denied.

Settle order on two (2) days' notice.